**SIGNED this 19th day of June, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:

LISA NICOLE TINNEL,                               No. 14-11440
                                                  Chapter 7
    Debtor.

Appearances:

Mark Stewart for the Debtor

Noris A. Kessler, III, Davis Kessler & Davis, Winchester, Tennessee, for the Creditor

United States Bankruptcy Court
Judge Shelley D. Rucker

**MEMORANDUM**[1]

---

[1] The court has made modifications to the opinion it delivered orally on June 16, 2014 for clarification and in response to the questions posed by counsel at the hearing. This memorandum supersedes the oral opinion delivered. To the extent that it corrects the court's prior conclusions of law, those changes are made pursuant to Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60(a).

In this contested matter Timmy Dwayne Tinnel, Debtor's ex-husband ("Creditor"), has filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). [Doc. No. 13].[2] Lisa Tinnel ("Debtor") filed a reply opposing the motion ("the Reply"). [Doc. No. 15].

### I.      Jurisdiction

This is the court's findings of facts and conclusions of law made pursuant to Fed. R. Bankr. P. 7052, as made applicable to contested matters by Fed. R. Bankr. P. 9014. The court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(G).

### II.     Facts

On October 2, 2012, Creditor and Debtor were divorced by a Final Decree of Divorce (the "Divorce Decree"). [Doc. No. 13, ¶ 1]. On April 4, 2014, Debtor filed for bankruptcy under Chapter 7. [Doc. No. 1]. On April 28, 2014, Creditor filed a proof of claim for $30,088.76. [Claim 1-1]. The stated basis for the claim is "Final Decree of Divorce." *Id.* On April 29, 2014, Creditor filed a Motion for Relief from Stay ("the Motion") seeking relief from the stay in order to pursue an action in state court to recover amounts Debtor allegedly owed him pursuant to the Divorce Decree and an accompanying Marital Dissolution Agreement. [Doc. No. 13, Claim 1-1].

Under the Martial Dissolution Agreement, Debtor received the marital home and was required to make monthly mortgage payments of $578.00 to U.S. Bank. [Claim 1-1, ¶ 3]. Creditor alleges that Debtor "willfully and contemptuously" failed to make the mortgage payments, requiring him to do so in order to maintain a home for his children. [Doc. No. 13, ¶ 3]. Despite Creditor's efforts, the home was foreclosed on, which he claims adversely affected his credit because his name remained on the note. *Id.* Similarly, Creditor alleges that he also paid for utility bills that Debtor had missed. *Id.* Lastly, Creditor asserts that the Marital Dissolution Agreement awarded Debtor a 2012 Nissan Altima, on which Creditor agreed to continue making

---

[2] All docket entry references pertain to Bankruptcy Case No. 14-10745, unless otherwise noted.

1

payments for one year while Debtor was to pay him $250.00 per month as reimbursement. [Doc. No. 13, ¶ 4]. After one year, Debtor was to refinance the vehicle. [Claim 1-1, ¶ 4]. According to the Motion, Debtor "willfully and contemptuously failed and refused to make any payments towards the vehicle" since the divorce was final. *Id.* Similarly, Debtor failed to make insurance payments on the vehicle, which Creditor felt compelled to pay himself. *Id.* Further, he states that Debtor failed to refinance the vehicle.

The Motion refers to Paragraph 12 of the Marital Dissolution Agreement, which provides that

> if either party shall be compelled to pay any debt of the other not herein expressly provided for, then the party for whose benefit such payment shall have been made will fully indemnify the other paying said indebtedness to the full extent of the amount paid, together with any expenses incurred by reason thereof.

[Doc. No. 13, ¶ 5]. Based on this provision, Creditor alleges that Debtor should be required to indemnify him to the full extent of the amounts paid. Creditor asserts that Debtor is not entitled to discharge these debts pursuant to 11 U.S.C. § 523(a)(15), and therefore Creditor is entitled to pursue these obligations in state court. Debtor wants this court to retain jurisdiction because she alleges that it has exclusive jurisdiction to determine whether the amounts owed— whatever they may ultimately be determined to be—are dischargeable. The court finds that it does not have exclusive jurisdiction and that cause exists to modify the stay. 11 U.S.C. § 362(d)(1).

**III.    Analysis**

Section 523(a)(15) provides that a debt owed "to a spouse, former spouse, or child of the debtor . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . ." is non-

2

dischargeable. 11 U.S.C. § 523(a)(15). Every debt which the creditor seeks to recover stems from the divorce decree or marital dissolution agreement. The debtor does not deny these contentions. She raises only the argument that this court has exclusive authority to determine the dischargeability of these obligations. The court disagrees.

Section 523(c)(1) includes a list of debts over which the bankruptcy court has exclusive jurisdiction for the purposes of determining discharge. 11 U.S.C. § 523(c)(1). The types of debts in this list are discharged unless a creditor files a complaint seeking a determination from the bankruptcy court that his particular debt falls within one of those categories.  Prior to 2005, this list included debts specified in § 523(a)(15). However, the 2005 amendments to the bankruptcy code removed the type of debts described in § 523(a)(15) from the § 523(c)(1) list. HON. WILLIAM HOUSTON BROWN, BANKRUPTCY AND DOMESTIC RELATIONS MANUAL § 7:3 (2013). The effect of this deletion is that bankruptcy courts and state courts now share concurrent jurisdiction to determine the dischargeability of § 523(a)(15) debts. *Id.*; *In re Lewis*, 423 B.R. 742, 755 (Bankr. W.D. Mich. 2010); *In re Baer*, 2012 WL 1430934, No. 12-2009 (Bankr. E.D. Ky. Apr. 23, 2012). The creditor no longer needs to come to the only bankruptcy court for a determination that its § 523(a)(15) debt is nondischargeable. After obtaining relief from the stay, he could obtain that ruling from a state court in the event that he pursues a claim and the debtor raises the defense of discharge in bankruptcy under Tenn. R. Civ. P. 8.03.

The court acknowledges that the determination of the dischargeability of debts arising from marital separation and dissolution proceedings has generated substantial litigation. In 2005, the issues were somewhat simplified when BAPCPA made the distinction between support obligations and other types of debts arising from the divorce immaterial in Chapter 7 and 11 cases. *Ginzl v. Ginzl (In re Ginzl)*, 430 B.R. 702, 707 (Bankr. M.D. Fla. 2010); *Gilman v. Golio*

3

*(In re Golio)*, 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008).  The deletion of § 523(a)(15) debts from the list of actions requiring a bankruptcy court determination of nondischargeability also changed the bankruptcy court's exclusive right to make a determination. Because there is no dispute about the origin of the movant's claims, concurrent jurisdiction exists, and given this court's deference to allowing the state court to interpret its own orders, the court finds that cause exists to modify the stay.

Therefore, the motion for relief is granted. The stay will be modified to allow the creditor to proceed to state court for a determination of the amount owed to him and for the debtor to raise any defenses she finds appropriate. However, no execution may enter on any judgment entered by the state court without further relief granted by this court or until the discharge has been granted and the case has been closed, whichever occurs first.

A separate order will enter.

# # #